

Cite as 2017 Ark. App. 10

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR-16-95

| | |
|---|---|
| | **Opinion Delivered** January 18, 2017 |
| MARKEL TAIVON EUBANKS | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT |
| APPELLANT | [NO. 72CR-13-1369-6] |
| V. | HONORABLE MARK LINDSAY, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## DAVID M. GLOVER, Judge

In 2013, Markel Taivon Eubanks entered a negotiated guilty plea to the underlying offense of theft by receiving, a Class D felony, and received forty-eight months' probation.[1] On May 5, 2015, the State filed its motion for revocation of probated sentence, and on October 7, 2015, the day before the revocation hearing, the State filed an amended motion for revocation. Following the October 8, 2015 hearing, the trial court found that Eubanks had violated the terms and conditions of his probation and revoked it, sentencing him to six years in the Arkansas Department of Correction, with 274 days of jail-time credit.

---

[1] As part of this negotiated plea, he also pled guilty to the offense of battery in the third degree, a Class A misdemeanor (CR13-2022). At the revocation hearing, the State informed the trial court that time had run on the revocation of probation for that offense and that the State was only pursuing revocation in the instant case, CR13-1369. Consequently, the trial court dismissed CR13-2022, and it is not pertinent to this appeal.

SLIP OPINION

Eubanks's counsel[2] has asked to withdraw, asserting that an appeal in this case would be wholly without merit. He has filed a motion and brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and Rule 4-3(k) of the Rules of the Arkansas Supreme Court and Court of Appeals. Our rule and *Anders* require that counsel file an abstract and addendum of the proceedings below, including all motions and objections decided adversely to the appellant, along with a brief in which counsel explains why there is nothing in the record that would support a meritorious appeal.

The clerk of this court attempted to deliver to Eubanks by certified mail a copy of counsel's motion to withdraw and the accompanying brief, mailing the packet first to Eubanks's last-known address at the Arkansas Department of Correction in Newport, Arkansas. The packet was returned to the clerk's office with a signed, certified-mail return receipt dated June 15, 2016. The Arkansas Department of Correction also attempted to forward the packet to Eubanks at a Fayetteville address, but that delivery was unsuccessful, too, and the packet was returned to the clerk's office. The clerk's office contacted counsel, who informed our clerk that Eubanks was on probation. Our clerk made yet another attempt to mail the packet to the Springdale address included in Eubanks's bond paperwork on July 18, 2016, but the packet was again returned on August 1, 2016.

Counsel explains that there were only two adverse rulings and that neither ruling would support a meritorious basis for reversal. In one ruling, the trial court overruled

---

[2] Mr. David O. Bowden, counsel for Mr. Eubanks, died on September 6, 2016, after submitting his motion and brief. On October 3, 2016, our court appointed attorney Dusti Standridge to represent Eubanks. Notification to Eubanks about these events was returned as undeliverable on October 11, 2016.

counsel's objection to the introduction of State's Exhibit 1, which was Eubanks's payment record from the circuit clerk's office. Counsel objected because the exhibit included information from a 2010 case that was not pertinent to the issue before the trial court. The trial court explained that the proceeding was not a jury trial and that it would be able to ignore the portions of the exhibit that were not relevant. We agree that the trial court did not abuse its discretion in allowing this exhibit and that the ruling provides no meritorious basis for reversal.

The other adverse ruling was the denial of counsel's challenge to the sufficiency of the evidence supporting the various bases for revocation. Counsel explains that a single violation of probation conditions provides a sufficient basis for the revocation of probation and then lists the conditions the trial court found were violated by Eubanks, explaining why the trial court did not clearly err with respect to any of the findings. Because one violation is sufficient to support a revocation, we address only the first violation found by the trial court, although counsel explains why each is not clearly erroneous. One of the conditions of Eubanks's probation was that he pay designated fines and fees. As explained by the trial court, a representative from the Washington County Circuit Clerk's office testified that Eubanks was behind $1,865 in his payments that were collected through her office and that, even if installment fees were removed from that total, Eubanks had not "paid one nickel" to the clerk's office.

Based on our review of the record and the briefs presented to this court, we conclude that there has been full compliance with *Anders*, *supra*, and our Rule 4-3(k), and that an

appeal in this case would be wholly without merit.  The motion to withdraw is granted, and the revocation of Eubanks's probation is affirmed.

Affirmed; motion to withdraw granted.

WHITEAKER and BROWN, JJ., agree.

*Dusti Standridge*, for appellant.

*Leslie Rutledge*, Att'y Gen., by:  *Amanda Jegley*, Ass't Att'y Gen., for appellee